Copies Mailed/Faxed
Chambers of Edgardo Ramos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                         Defendants.

20-CV-8004 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985, and 1988, as well as under New York State law, alleging that Defendants unlawfully prevented him from attending three public meetings. By order dated October 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Claims Against James Clynes

Plaintiff names as a defendant James Clynes, a court attorney to New York State Supreme Court Judge Alexander Tisch. Plaintiff alleges that Judge Tisch "unlawfully delayed" ruling on an order to show cause in a matter that Plaintiff had pending in state court.

The complaints contains the following assertions about Clynes: he is "trying to be elected" to the bench; he "sat in the front row" of a September 26, 2017 town hall meeting from which Plaintiff was excluded; he "applauded" the mayor at that event; he was "aware" that Plaintiff had been excluded from attending the meeting, and thus "illegally condoned" Plaintiff's exclusion. (ECF No. 2 ¶¶ 9(h)(iv), 16, 38, 39, 45.)

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an

2

ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted). Courts have held that this quasi-judicial immunity applies to New York State court clerks when they perform tasks that are an integral part of the judicial process. *See Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (County Clerk); *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (state-court clerk) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)).

If Plaintiff is asserting any claims against Clynes in his capacity as a court attorney to Judge Tisch, Clynes is immune from suit for any actions he took in connection with the state court matter that is or was pending before Judge Tisch.

Moreover, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

The facts Plaintiff sets forth regarding Clynes do not suggest that Clynes was personally involved in any violation of Plaintiff's constitutional rights. Thus, even if the Court assumes the truth of Plaintiff's allegations against Clynes — that Clynes, knowing that Plaintiff was not permitted to attend the town hall meetings, sat in the front row, applauded the mayor, and took no action to prevent Plaintiff's exclusion from the event — fails to state a claim against Clynes under § 1983.

**B.     Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York; New York City Police Department (NYPD) Inspector Howard Redmond; Mayor Bill de Blasio; former NYPD Commissioner James O'Neill; Gale Brewer; NYPD Detective Raymond Gerola, Shield #6577; NYPD Detective Nicholas Mason #6995; NYPD Lieutenant Ralph Nieves # 902104; NYPD Officer Lance #245; NYPD Officer Santana #7291; NYPD Officer Keck #6313; NYPD Officer Baez #5984; NYPD Officer Jerry Ioveno #5560; NYPD Officer Keith Dietrich #5779; Rachel Atcheson; Pinny Ringel; Harold Miller; Nick Gulotta; Jessica Ramos; Eric Phillips; Dustin

4

Ridener; and Marco Carrion through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff may supply sufficient information to permit the NYPD to identify the following John Doe police officers: in connection with the 9/26/17 incident, "John Doe 1 tablet," John Does 1 and 2, and Jane Does 1-3; in connection with the 9/27/17 incident, John Does 1-4; and in connection with the 9/28/17 event, John Does 1-3 and Jane Does 1-4.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, shall ascertain the identities of these John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these defendants may be served. The New York City Law Department shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the complaint. An Amended Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the submission and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the

addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants City of New York; New York City Police Department (NYPD) Inspector Howard Redmond; Mayor Bill de Blasio; former NYPD Commissioner James O'Neill; Gale Brewer; NYPD Detective Raymond Gerola, Shield #6577; NYPD Detective Nicholas Mason #6995; NYPD Lieutenant Ralph Nieves # 902104; NYPD Officer Lance #245; NYPD Officer Santana #7291; NYPD Officer Keck #6313; NYPD Officer Baez #5984; NYPD Officer Jerry Ioveno #5560; NYPD Officer Keith Dietrich #5779; Rachel Atcheson; Pinny Ringel; Harold Miller; Nick Gulotta; Jessica Ramos; Eric Phillips; Dustin Ridener; and Marco Carrion, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service.  The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007. An Amended Complaint form is attached to this order.

SO ORDERED.

Dated:   November 2, 2020
         New York, New York

_____
                                EDGARDO RAMOS
                                United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   100 Church Street
   New York, NY 10007

2. Manhattan Borough President Gale Brewer
   431 West 125th Street
   New York, N.Y. 10027

3. NYPD Inspector Howard Redmond
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

4. NYPD Lieutenant Ralph Nieves # 902104
   New York Police Department
   1 Police Plaza
   Room 110C
   New York, NY 10038

5. NYPD Detective Raymond Gerola #6577
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

6. NYPD Officer Lance #245
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

7. NYPD Officer Santana #7291
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

8. NYPD Officer Keith Dietrich #5779
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

9. NYPD Officer Keck #6313
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

10. NYPD Officer Jerry Ioveno #5560
    NYC Mayor Security Detail

       City Hall  
       New York, NY 10007

11. Mayor Bill de Blasio  
    City Hall  
    New York, NY 10007

12. Jessica Ramos  
    City Hall  
    New York, NY 10007

13. Nick Gulotta  
    City Hall  
    New York, NY 10007

14. Rachel Atcheson  
    City Hall  
    New York, NY 10007

15. Pinny Ringel  
    City Hall  
    New York, NY 10007

16. Harold Miller  
    City Hall  
    New York, NY 10007

17. Eric Phillips  
    City Hall  
    New York, NY 10007

18. Dustin Ridener  
    City Hall  
    New York, NY 10007

19. Marco Carrion  
    City Hall  
    New York, NY 10007

20. James O'Neill, former NYPD Commissioner  
    New York Police Department  
    1 Police Plaza  
    Room 110C  
    New York, NY 10038

21. NYPD Detective Nicholas Mason, Shield #6995  
    NYC Mayor Security Detail

City Hall
New York, NY 10007

NYPD Officer Baez, Shield # 5984
NYC Mayor Security Detail
City Hall
New York, NY 10007